IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION


JO ANN JONES                                                                                              PLAINTIFF

V.                                                                                              NO. 3:14CV00002-JMV

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY                                 DEFENDANT


**FINAL JUDGMENT**

This cause is before the court on the claimant's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying her claim for a period of disability and Disability Insurance Benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

Consistent with the court's ruling from the bench following the parties' oral argument, the court is not convinced the ALJ's residual functional capacity ("RFC") finding is supported by substantial evidence in the record. In coming up with the claimant's RFC, the ALJ relied heavily upon the non-examining state agency medical consultant's (Dr. William Hand's) finding that the claimant could perform a full range of medium work, despite the fact that the ALJ himself ultimately found that consultant's report was inconsistent with what he concluded claimant's work ability (light) was, and is unclear regarding what records Dr. Hand reviewed. Specifically, it is unclear whether he had the benefit of evidence of a more limited RFC, namely

Dr. Kamal Mohan's 2007 examination report and RFC assessment. The ALJ failed to give any explanation for (implicitly) rejecting Dr. Mohan's 2007 medical assessment that while the claimant could stand/walk a total of six hours in an eight-hour workday, she could do so only one hour at a time without interruption. This is particularly bothersome considering the ALJ assigned "some weight" to Dr. Mohan's RFC assessment and only expressly declined to adopt Dr. Mohan's assessment of environmental restrictions, and, as noted, ultimately felt the need to "reduce" Dr. Hand's RFC assessment.

On remand the ALJ shall reconsider the claimant's RFC for the relevant period, specifically with respect to her ability to sit, stand, and walk uninterrupted, based upon all the relevant evidence. The ALJ's assessment in this regard must include a resolution of any inconsistencies in the evidence. If necessary, the ALJ shall contact or re-contact a medical expert to assist in a proper determination of the claimant's RFC for the relevant period. Additionally, the ALJ shall obtain supplemental vocational expert testimony, if necessary, to assist with a determination of whether there was any work the claimant could perform during the relevant period in light of her RFC. The ALJ may conduct any additional proceedings not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED** and **REMANDED** for further proceedings.

This, the 9th day of July, 2014.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE