# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

JO ANN JONES                                                         **PLAINTIFF**

V.                                                          **NO. 3:14CV00002-JMV**

CAROLYN W. COLVIN,
**ACTING COMMISSIONER OF SOCIAL SECURITY**                        **DEFENDANT**

## ORDER ON PETITION FOR ATTORNEY'S FEES

Before the court is Plaintiff's petition [19] for attorney's fees pursuant to the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  In these proceedings Plaintiff sought

judicial review of the Social Security Commissioner's final decision denying a claim for

benefits.  By Judgment [18] dated July 9, 2014, this court remanded this case to the

Commissioner for further proceedings.  Plaintiff now seeks attorney's fees in the amount of

$9,963.57 (representing 51.25 hours of attorney time at a rate of $184.51 per hour and 5.5 hours

at a rate of $92.26 per hour for travel) under the EAJA and $571.36 in costs and expenses on the

grounds that she was the prevailing party and the Commissioner's position was not

"substantially justified."  Plaintiff requests that the total monies sought be paid to her attorney

pursuant to an assignment of EAJA fees

The Equal Access to Justice Act provides for the award of court costs and attorney's fees

to the "prevailing party" in a judicial review of agency action, unless the position of the United

States was "substantially justified" or "special circumstances" would make an award unjust.  28

U.S.C. § 2412(d)(1)(A).  A party who wins a remand order in a social security disability case is a

"prevailing party" under the EAJA. *Rice v. Astrue,* 609 F.3d 831, 833–34 (5th Cir. 2010); *Baker v. Bowen,* 839 F.2d 1075, 1081 (5th Cir. 1988).

The Commissioner does not dispute that Plaintiff is the prevailing party but, instead, contends an award of fees should be denied because her litigation position was substantially justified.  In the alternative, the Commissioner contends the requested amount of fees should be substantially reduced because the number of hours expended by Plaintiff's counsel on the case was excessive.

Because in the underlying case the ALJ violated both the Social Security Administration's ("SSA") own regulations and Fifth Circuit precedent, Defendant's position was not substantially justified.  Nevertheless, the court agrees the requested amount should be reduced, albeit only slightly.

### Substantial Justification Analysis

The Commissioner makes several arguments in support of her contention that her position was substantially justified, including pointing out that Plaintiff did not discuss the opinions of Dr. Kamal Mohan and Dr. William Hand in any brief and suggesting this court improperly reweighed said medical opinion evidence.  The court will address only the arguments germane to its determination here, however.

In this case the court decided:

> . . . the court is not convinced the ALJ's residual functional capacity ("RFC")
> finding is supported by substantial evidence in the record.  In coming up with the
> claimant's RFC, the ALJ relied heavily upon the non-examining state agency
> medical consultant's (Dr. William Hand's) finding that the claimant could
> perform a full range of medium work, despite the fact that the ALJ himself
> ultimately found that consultant's report was inconsistent with what he concluded
> claimant's work ability (light) was, and is unclear regarding what records Dr.
> Hand reviewed.  Specifically, it is unclear whether he had the benefit of evidence

of a more limited RFC, namely Dr. Kamal Mohan's 2007 examination report and RFC assessment. The ALJ failed to give any explanation for (implicitly) rejecting Dr. Kamal Mohan's 2007 medical assessment that while the claimant could stand/walk a total of six hours in an eight-hour workday, she could do so only one hour at a time without interruption. This is particularly bothersome considering the ALJ assigned "some weight" to Dr. Mohan's RFC assessment and only expressly declined to adopt Dr. Mohan's assessment of environmental restrictions, and,. . . ultimately . . . "reduce[d]" Dr. Hand's RFC assessment.

In order to be substantially justified, the Commissioner's position must have a reasonable basis in law and in fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Broussard v. Bowen*, 828 F.2d 310, 312 (5th Cir. 1987). The government has the burden of proving its position was substantially justified at every stage of the proceedings. *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003) (citing *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986)). *See also Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995) (stating the government must show that it was substantially justified with respect to the issue on which the court based its remand). The ALJ's decision is part of the agency's position and must also be substantially justified. *Cummings v. Sullivan*, 950 F.2d 492, 497 (7th Cir. 1991); *Herndon v. Comm'r of Soc. Sec.*, No. 3:08-CV-21-WAP-DAS, 2009 U.S. Dist. LEXIS 103708, at 83-4 (N.D. Miss. Sept. 14, 2009). *Cf.* 28 U.S.C. § 2412(d)(1)(B) ("Whether or not the position of the United States was substantially justified shall be determined on the basis of the record[,]" which includes the administrative agency record on which the civil action is based.). *See also Russell v. National Mediation Board*, 775 F.2d 1284 (holding that the phrase "position of the United States" in the EAJA encompasses the government's position during administrative proceedings and litigation).

The Commissioner has failed to show substantial justification for the ALJ's rejection without explanation of Dr. Mohan's opinion that the claimant could stand for only one hour at a time without interruption. The Commissioner's argument that the RFC determination is reserved

to the Commissioner misses the point. Dr. Mohan's opinion included the medical source

statement described in 20 C.F.R. 404.1513(b)(6), a "statement about what you can still do

despite your impairment(s)" from the medical provider and based on his own medical findings.

This "evidence" is distinct from the RFC determination–based on all the relevant evidence in the

case record–made by an ALJ. *See* SSR 96-5p. The ALJ was required to not only weigh Dr.

Mohan's RFC assessment under the rules set out in 20 C.F.R. 404.1527, but also provide an

explanation for rejecting any of Dr. Mohan's opinions. *See id.* Moreover, while the law in this

circuit provides an ALJ may reject the opinion of any physician when the evidence supports a

contrary conclusion*, Martinez v. Chater,* 64 F.3d 172, 176 (5th Cir. 1995), the Commissioner

was unable to point this court to any evidence in the record–other than a non-examining

physician's opinion–that the claimant could stand for six hours without a rest break after each

hour.

Nor has the Commissioner shown substantial justification for the ALJ's reliance on the

opinion (that Plaintiff could stand for six hours in an eight hour work day) of a non-examining

physician who evidently did not review Dr. Mohan's report and RFC assessment.[1] In the Fifth

Circuit, "an ALJ may properly rely on a non-examining physician's assessment when . . . those

findings are based upon a careful evaluation of the medical evidence and *do not contradict those*

*of the examining physician.*" *Carrier v. Sullivan*, 944 F.2d 243, 246 (5th Cir. 1991)(quoting

*Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990)). Neither of these requirements was

shown to have been met in this case. Thus, contrary to the Commissioner's suggestion, Dr.

Hand's opinion with regard to Plaintiff's ability to stand/walk did not constitute substantial

---

[1]Doctor Hand checked a box on his physical RFC assessment form that indicated no medical source statement regarding the claimant's physical capacities was in the file.

evidence on which to base the ALJ's RFC determination. *See Villa, supra.* Accordingly, the

Commissioner's position had no reasonable basis in law (including the Commissioner's own

regulations and the law of this circuit); it was not reasonable for the Commissioner to defend the

ALJ's decision; and Plaintiff is entitled to an award of attorney's fees. *See generally Hooker v.*

*Astrue*, 3:08-CV-445-B, 2010 WL 3719231 (N.D. Tex. Sept. 20, 2010) (awarding fees because

the underlying ALJ determination violated established Fifth Circuit law).

### *Reduction of Hours Expended on the Case*

Here the Commissioner argues a "significant reduction" of the 51.25 hours which support

Plaintiff's fee request is needed. The court has thoroughly reviewed Plaintiff's counsel's

itemization of time, however, and finds that only a slight reduction is required.

Specifically, Plaintiff's counsel seeks payment for 4 hours on 7/6/14 for oral argument

preparation and review of the file and briefs. Counsel logged 5 hours on 7/7/14 for essentially

the same exercise. And, on 7/8/14 counsel recorded an additional 1.5 hours for

"preparation/review" of the file and for oral argument. The court finds the time counsel recorded

for oral argument preparation and review of the file is duplicative and, therefore, excessive in

view of the fact that prior to July 6, attorneys for Plaintiff spent at least 30 hours reviewing the

file and preparing the briefs filed on behalf of Plaintiff in this action. As such, prior to July 6

counsel should have been more than adequately prepared for oral argument, which is limited to

the matters briefed by the parties. Accordingly, the time recorded for the aforementioned entries

is hereby reduced to a total of 2 hours. The court finds the remaining 42.75 hours are

reasonable.

*Additional Issues*

The Commissioner also raises the issue that mileage is not payable as a cost from the Judgment Fund, but is an expense under the EAJA. Plaintiff offered no response. Accordingly, while the $400 filing fee may be reimbursed from the Judgment Fund, the $171.36 mileage expense shall be paid from SSA appropriations.

Next, Plaintiff does not dispute that the Supreme Court has determined that EAJA fees are payable to the plaintiff, not the plaintiff's attorney, *Astrue v. Ratliff*, 130 S. Ct. 2521, 2522 (2010). Therefore, the court will order that payment be made to Plaintiff for the benefit of her counsel.

Lastly, Plaintiff requests an award of fees for an additional 2.5 hours of attorney time spent defending the instant fee petition. "[W]here the government's underlying position is not substantially justified, plaintiff is entitled under the EAJA to recover all attorney's fees and expenses reasonably incurred in connection with the vindication of [her] rights, including those related to any litigation over fees, and any appeal." *Powell v. C.I.R.*, 891 F.2d 1167, 1172 (5th Cir. 1990)(citation omitted). The court finds the additional time sought is reasonable, and it will be awarded.

**THEREFORE, IT IS ORDERED**:

1. That Plaintiff is entitled to $8,349.08–reflecting a total of 45.25 hours of attorney time at the rate of $184.51 per hour–for representing Plaintiff before this court.

2. That Plaintiff is entitled to $507.43 for 5.5 hours of travel time at the rate of $92.26 per hour.

3.  That Plaintiff is entitled to $400 in costs payable from the Judgment Fund and

$171.36 for mileage payable from SSA appropriations.

4.  That the Commissioner shall promptly pay Plaintiff a total of $9,427.87 for the benefit

of her counsel.

This, 5th day of September, 2014.


/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE