IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JO ANN JONES                                                                                              PLAINTIFF

V.                                                                                            NO. 3:14CV00002-JMV

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY                                            DEFENDANT

## O R D E R

Jo Ann Jones filed this civil action in January 2014 to appeal the Commissioner's denial of disability benefits. This Court entered a Judgment [18] dated July 9, 2014, that remanded the case to the Social Security Administration (the "Agency") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). By Order [25] dated September 5 the Court granted in part and denied in part the plaintiff's motion for an award of fees under the Equal Access to Justice Act ("EAJA") and awarded a total of $8,856.51 in attorney's fees to the plaintiff for the benefit of her counsel.

Now, counsel for the plaintiff returns with the instant Motion for Attorney Fees [26] pursuant to 42 U.S.C. § 406(b). Counsel reports the plaintiff was successful on remand in obtaining an award of benefits. The total of the plaintiff's past-due benefits at that time was $92,709.90. The Agency withheld 25% of that amount, or $23,177.47, to pay any approved attorney's fees. Counsel, consequently, asks for $8,320.96, which he asserts represents the money due his firm "once the Plaintiff is credited/reimbursed for funds the attorney received under EAJA, as well as the $6,000 in administrative fees received."[1] As the Commissioner

---

[1] Pursuant to 42 U.S.C. § 406(a)(2), if the ruling favors the claimant, the SSA generally will approve a contingent-fee agreement between the claimant and her counsel subject to the limitation that fees may not exceed 25 percent of past-due benefits or $6,000.00, whichever is less. 42 U.S.C. § 406(a)(2)(A)(ii), (iii); 74 Fed.Reg. 6080 (Feb. 4, 2009).

points out, counsel is effectively seeking an award from this Court in the amount of $17,177.47, which represents the total of the $23,177.47 withheld by the Agency minus the $6,000.00 awarded by the Agency and the $8,856.51 awarded in EAJA fees.

In response to counsel's request, the Commissioner argues the requested amount is inappropriate to the extent it would result in "net" fees where plaintiff's counsel would simply credit the plaintiff the $8,856.51 he received in EAJA fees. The Commissioner further asserts that any award of § 406(b) fees should be made separately from an award of EAJA fees. While the Court agrees with the Commissioner's assessment, I find the plaintiff's method of calculation is harmless in this instance because the result is reasonable.

While fees under the EAJA are statutorily capped, fees under § 406 are limited to reasonableness and may be no more than 25% of past-due benefits. *See* 42 U.S.C. § 406(b)(1). Fees under § 406(b) satisfy a client's obligation to her counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir.1994). A contingency fee agreement to pay 25% of any past-due benefits awarded may provide the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807-08 (2002).[2] An attorney may obtain fees

---

[2] In *Gisbrecht*, the Supreme court noted:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

under both § 406(b) and the EAJA but must refund the lesser fee to the claimant. *Id.* at 796.

Additionally, the combined fees under §§ 406(a) (administrative fees) and 406(b) may not

exceed 25 percent of past-due benefits. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).

To the extent counsel is effectively seeking $17,177.47 for work performed before this

Court, a full award would equate to approximately $338.47 per hour ($17,177.47 divided by the

50.75 hours the Court previously found were reasonable under the EAJA). This hourly rate is

more than the normal hourly rate of $300 charged by Mr. Donati and the $200 normally charged

by Ms. Osowski. Nevertheless, after reviewing the submissions of counsel and the record, the

Court finds the effective rate of the fee is not unreasonable. Indeed, several factors weigh in

favor of a finding that the fee is reasonable. First, counsel has presented a contingent fee

agreement signed by the plaintiff for payment of 25 percent of any past-due benefits awarded,

evidencing plaintiff's consent to payment of a 25 percent fee. Second, counsel successfully

argued this case before this Court and on remand before the Agency. Third, the Fifth Circuit and

district courts in this circuit have acknowledged the high risk of loss inherent in Social Security

appeals[3]. Fourth, lead counsel has demonstrated he is an experienced Social Security attorney,

and there are no indications of delay on the part of counsel. Fifth, the § 406(a) and (b) fees

together will not consume more than 25 percent of the plaintiff's past-due benefits. Finally, the

effective award would constitute only 19 percent of the plaintiff's past-due benefits, which were

---

*Id.* at 807-08, 122 S.Ct. at 1828, 152 L.Ed.2d 996 (internal citations and footnotes omitted).

[3]*See Jeter v. Astrue*, 622 F.3d 371, 379 & n. 9 (5th Cir. 2010).

substantial.

**THEREFORE, IT IS ORDERED** that the plaintiff's motion for attorney's fees is granted and that plaintiff's counsel is hereby awarded $17,177.47, which is to be paid from the past-due benefits withheld by the Agency.

**IT IS FURTHER ORDERED** that the plaintiff's counsel, upon receipt of this award, shall refund to the plaintiff the EAJA fees previously awarded in this case in the amount of $8,856.51.

This, the 12th day of January, 2016.

/s/ Jane M. Virden
 U.S. MAGISTRATE JUDGE